## UNITED STATES v. WIGGINS.

### No. 7596.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1936.

J. Gregory Bruce, Atty., Department of Justice, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., Young M. Smith, Atty., Department of Justice, and Will G. Beardslee, Director, Bureau of War Risk Litigation, both of Washington, D. C., and Thomas D. Samford, U. S. Atty., of Montgomery, Ala.

Albert J. Pickett, Jr., and Richard T. Rives, both of Montgomery, Ala., for appellee.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is a suit on a policy of war risk insurance in the sum of $10,000 brought by the insured to mature the policy on the ground of total and permanent disability. Error is assigned to the refusal of the District Court to direct a verdict for defendant at the close of the evidence. The following facts appear from the record:

The policy lapsed on July 1, 1919, for nonpayment of premiums. There was evidence tending to show that at the time of trial the insured was suffering from lumbago and tabes dorsalis, caused by syphilis. Suit was not instituted until some 13 years after the policy lapsed. The insured was in a government hospital in France with mumps, but his discharge papers showed that he was in good health at the time of discharge. He could not read, and was classed as a moron by doctors who examined him. His own evidence is to the effect that he did not know he had syphilis until he was examined by government doctors in 1927. He had never had any treatment for it. There was other evidence tending to show that syphilis is curable in its first stages. From plaintiff's own evidence, it appears that, after getting out of the Army, he worked for different people for a number of years, doing manual labor. He worked as a laborer on a farm; cut cordwood with another man; worked helping to build chimneys for the Smith Lumber Company; worked again for the Smith Lumber Company pulling out nails that had been used to fasten turpentine cups to trees; worked in a sawmill running an edger; worked in a planing mill; worked at pulling stumps; stretching wire on fences; and worked for the Satsuma Nursery Company in Florida, budding orange trees. This last was in 1924. He qualified his testimony by saying that all the time he worked he suffered pain and was not able to do any work when feeling bad. There was evidence from three witnesses, who had employed him, tending to show that his average wages were $1.50 a day and that he worked about as regularly as any one

else. There was evidence from Dr. Galloway, introduced by plaintiff, tending to show that the physician knew him in 1912, 1913, 1914, but first examined him on May 10, 1920. This doctor kept no records, but at that time diagnosed his trouble as lumbago, and prescribed rheumatic treatment. He had no history from the patient and made no blood tests. A written statement made by the same doctor tended to show that his diagnosis of the insured's ailment was neurasthenia.

Without further reviewing the evidence, it is plain that plaintiff failed to sustain the burden of proving that he was totally and permanently disabled before the policy lapsed. U. S. v. Seattle Title Trust Co. (C.C.A.) 53 F.(2d) 435; Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L. Ed. 492; Miller v. U. S., 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977.

It was error to refuse the direction of a verdict for the government.

Reversed and remanded.